IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY BLANEY, #1519297,<br>Petitioner, | § § § | |
| v. | § | 3:10-CV-1541-N (BK) |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>Respondent. | § § § § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

### I. BACKGROUND

This is a *pro se*, fee paid petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is currently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The court did not issue process in this case. On August 16, 2010, the magistrate judge issued a questionnaire to Petitioner, who filed his answers thereto on August 27, 2010.

On July 18, 2008, a Dallas County jury convicted Petitioner for the offense of aggravated sexual assault of a child and sentenced him to life imprisonment. *See State v. Blaney*, No. F05-00065 ( 203rd Jud. Dist. Ct. 2008). Petitioner's direct criminal appeal is presently pending

before the Fifth District Court of Appeals at Dallas. *See Blaney v. State*, No. 05-08-01049-CR (Tex. App. – Dallas).[1]

This is Petitioner's fifth federal habeas petition seeking relief from his aggravated sexual assault conviction. The court dismissed the first three actions for failure to exhaust state court remedies. *See Blaney v. 203rd Judicial Dist. Court*, 3:08-CV-637-G (N.D. Tex., Jul. 17, 2008); *Blaney v. State of Texas*, 3:08-CV-1382-L (N.D. Tex. Oct. 30, 2008); *Blaney v. Thaler*, 3:09-CV-1572-O (N.D. Tex. Dec. 15, 2009). Contemporaneously with this action, Petitioner filed two additional habeas petitions, presently pending before the court. *See Blaney v. Thaler*, 3:10-CV-1540-K and 3:10-CV-1542-K (N.D. Tex.).

In this case, Petitioner seeks to challenge his underlying criminal conviction on the basis of bias, prejudicial conduct, and corruption by Judge Ovard, the trial judge. (Magistrate Judge's Questionnaire (MJQ) Answer No 2.) Petitioner alleges Judge Ovard "stole vital evidence," committed aggravated perjury, falsified and withheld vital evidence, deleted written transcripts to coverup his crimes, allowed hostile hearsay evidence, held a private meeting in chambers to coerce defense counsel, and allowed the victim to change her testimony. (*Id.*) Petitioner requests that criminal charges be brought against Judge Ovard and that he be placed in prison. (MJQ Answer No. 4.)

---

[1] Petitioner unsuccessfully sought leave to file an original application for writ of habeas corpus during the pendency of his direct appeal. *See In re Blaney*, No. WR-72,873-01 (Tex. Crim. App. Oct. 28, 2009) (denying motion for leave to file original state habeas application).

## II. ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. art. 11.07. *See also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

Petitioner has not satisfied the exhaustion requirement. His direct criminal appeal remains pending before the Fifth District Court of Appeals at Dallas. In addition, Petitioner will need to exhaust his state habeas corpus remedies with respect to any of the claims not presented on direct appeal. *See* TEX. CODE CRIM. PROC. art. 11.07. Accordingly, the petition for a writ of habeas corpus should be dismissed without prejudice to Petitioner's right to re-file after exhausting his state court remedies.[2]

---

[2] Petitioner is cautioned that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. §

Insofar as Petitioner requests that Judge Ovard be criminal prosecuted, his request is not cognizable in either a habeas or a civil rights action. The prosecution of state or federal criminal offenses falls within the exclusive jurisdiction of the executive branch of the state and federal governments. *See Pierre v. Guidry*, 75 F. Appx. 300, 300 (5th Cir. 2003) (*per curiam*) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under criminal statutes); *Oliver v. Collins*, 904 F.2d 278, 280-81 (5th Cir. 1990) (the decision to file or not to file criminal charges falls within the category of acts that will not give rise to liability under 42 U.S.C. § 1983). Accordingly, this claim lacks merit and should be dismissed as frivolous. *See* 28 U.S.C. § 1915A(b)(1) (providing for *sua sponte* dismissal of a complaint filed by a prisoner if the court finds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's request for habeas corpus relief be **DISMISSED** without prejudice for failure to exhaust state court remedies, *see* 28 U.S.C. § 2254(b) and (c), and that his request that Judge Ovard be criminally prosecuted be **DISMISSED** with prejudice as frivolous, *see* 28 U.S.C. § 1915A(b)(1).

SIGNED September 12, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

2244(d), and that this provision is applicable to any petition that he may file in this court.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE