IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JERRY BLANEY, #1519297,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:10-CV-1541-N (BK) |
| § | | |
| **RICK THALER, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Div.,** § | | |
| Respondent. § | | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Petitioner filed objections, and the District Court has made a *de novo* review of those portions of the proposed Findings, Conclusions and Recommendation to which objection was made. The objections are overruled and the Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Petitioner filed his petition as a "Writ of Habeas Corpus Under Criminal Charges Against Judge Ovard," the trial judge who presided over his criminal trial. Contrary to Petitioner's assertion the proper respondent in a habeas corpus proceeding is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"); *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 2717-2718 (2004) (confirming that there is generally only one proper respondent in a prisoner's habeas petition, and that the custodian is "the person" with the ability to produce the prisoner's body before the habeas court). Therefore, Respondent Thaler, as the Director of the Texas Department of Criminal Justice, is the proper respondent

insofar as Petitioner requests habeas corpus relief.  However, since Petitioner's direct criminal appeal is presently pending before the Fifth District Court of Appeals in Dallas, any request for habeas relief with respect to his underlying criminal conviction is unexhausted and must be dismissed.

Petitioner also requests that Judge Ovard be criminal prosecuted.  Such a claim is not cognizable in a federal habeas or a civil rights action as recommended by the magistrate judge.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 and 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability.  The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

In the event that petitioner files a notice of appeal, he is informed that he must pay the $455.00 appellate filing fee or submit a motion to proceed in forma pauperis that is accompanied by a properly signed certificate of inmate trust account.

SO ORDERED.

SIGNED December 13, 2010.

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE